JOHNSON, Judge.
This is an appeal from an order of the County Judge, Marion County, Florida, construing a last will and testament and determining the proper beneficiaries under such will, and an appeal from the Order denying a rehearing.
It appears from the facts that the testatrix had more than six months prior to her death made a last will and testament in which she had bequeathed to her son and to her estranged husband certain small bequests of cash as well as certain fairly small bequests to several friends, with the residue of her estate being bequeathed to the Salvation Army of New York City and to a Cancer Fund in New York. No attack was made on the validity of this will.
Apparently, after moving to Florida, the testatrix, Mrs. Hazel L. Rauf, made a new will in which she expressly pointed out her reason for not leaving her estate to her son and her estranged husband, showing that the son had not been very attentive to his mother’s welfare, and after making a nominal bequest of.$100.00 to her husband and making provision for payment of $100.00 per month to her son, one of the appellants herein, for his life time, she gave the rest and residue of her estate to the Salvation Army at Ocala, Florida, the Marion County Heart Association and Father Flanagan’s Boys’ Home, plus one personal bequest of $1,000 to a friend.
A further provision of the latter will was that if the husband and son directly or indirectly take steps to have the will declared invalid, or to have the charitable devises or bequests declared void, that the bequests to each of them would be cancelled and such bequests divided equally between the Salvation Army and the Father Flanagan’s Boys' Home. Also, it was further provided, that if the charitable bequests were voided, then everything would go to Central Florida Junior College, Ocala, Florida, “an institution of higher learning.” It was made very clear by the testatrix that she did not want her husband and son to inherit her estate.
The husband and son, the appellants herein, filed notices to avoid charitable de *33 vises and bequests pursuant to Section 731.19, Florida Statutes, F.S.A., which Statute reads as follows:
“731.19 Charitable devises and bequests. —If a testator dies leaving issue of his body or an adopted child, or the lineal descendants of either, or a spouse, and if the will of such testator devises or bequeaths the estate of such testator, or any part thereof, to a benevolent, charitable, literary, scientific, religious or missionary institution, corporation, association or purpose, or to this state, or to any other state or country, or to a county, city or town in this or any other state or country, or to a person in trust for any such purpose or beneficiary, whether or not such trust appears on the face of the instrument making such devise or bequest, such devise or bequest shall be avoided in its entirety within eight months from the death of the testator by one or more of the above specified persons who would receive any interest in the devise or bequest so avoided, by filing written notice thereof in the probate proceedings unless said will was duly executed at least six months prior to the death of the testator, or unless testator, by his will duly executed immediately next prior to such last will and more than six months before his death, made a valid charitable bequest or devise in substantially the same amount for the same purpose or to the same beneficiary, * *. This section shall not be construed to apply to devises or bequests made to institutions of higher learning.” (Emphasis added.)
The County Judge found and so ordered, (1) that the Testatrix had by will immediately next prior to her Last Will and more than 6 months prior to her death, made valid charitable bequests and devises substantially the same, both as to purpose and beneficiaries, and (2) that Central Florida Junior College is an institution of higher learning, and (3) that F.S. 731.19, F.S.A. is not applicable because the appellants would receive no interest in voided bequests and devises because of the valid substitutional residuary devise to Central Florida Junior College and (4) that actions of appellants to avoid the charitable provisions in the Last Will were not sufficient to cancel their bequests under the forfeiture and cancellation provision in paragraph 7 of the Last Will.
We agree with the County Judge in all his findings and determinations except the last or number (4). We hold that there was a sufficient valid attempt at making charitable bequests by a will executed more than 6 months prior to death, which bequests and devises were sufficiently comparable to the charitable bequests and devises in the last will, to bring this last will within the exception provision of F.S. 731.19, F.S.A. Also, we further hold that Central Florida Junior College or its Endowment holding organization, comes within the class of institutions referred to in the last exception of said Section, F.S. 731.19, F.S.A., as “institutions of higher learning.”
The terms of both wills being so clear and unambiguous as to the firm intent of the testatrix, lends even greater strength to the correctness of the determination of the County Judge and our affirmance thereof as to such points.
As to the forfeiture provision contained in Section 7 of the Last Will, we think, and so hold, that there was a clear violation of such forfeiture provision and that the husband and son, gambled and lost. The County Judge was in error in not declaring the forfeiture and we therefore Reverse this part of the County Judge’s Order appealed from and Affirm the remainder.
Affirmed in part, reversed in part.
RAWLS, Acting Chief Judge, and SPECTOR, J., concur.